IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ISAAC DEWAYNE RUSSELL                                                    PLAINTIFF
ADC #132326

V.                                    NO.  2:06cv00207 JWC

JOHN MOSS, et al                                                        DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff is an inmate currently incarcerated at the East Arkansas Regional Unit of

the Arkansas Department of Correction ("ADC").  On October 16, 2006, Plaintiff filed this

42 U.S.C. § 1983 civil rights action (doc. 2), and by order entered October 18, 2006, he

was granted in forma pauperis status pursuant to 28 U.S.C. § 1915 (doc. 3).  On March 6,

2008, Defendants filed a second motion to dismiss and brief in support (doc. 51, 52)

seeking to dismiss the surviving claim of Plaintiff's complaint (i.e., his deliberate medical

indifference claim regarding the conditions of his confinement in administrative

segregation) on the grounds that he has failed to exhaust his administrative remedies.  By

order entered March 11, 2008 (doc. 53), Plaintiff was notified of his opportunity to file a

responsive pleading opposing Defendants' motion.  In addition, Plaintiff was advised that

since Defendants had attached evidence to their motion, the Court may construe the

motion as one for summary judgment.  Plaintiff was therefore advised that his response

to Defendants' motion could include opposing or counteraffidavits, executed by him or

other persons, which had either been sworn to under oath, <u>i.e.</u>, notarized, or declared to

under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1

of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff

was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. Plaintiff, as directed, has responded to the motion (doc. 55, 60) and Defendants have filed a reply (doc. 56).

## I. Background

According to Plaintiff's second amended complaint and supplement (see doc. 8, 16), Defendants make up the classification review board. Each knowingly assigned Plaintiff to field utility duty in violation of his medical conditions (diabetes and a previous back injury). When Plaintiff refused hoe squad duties based on health and safety concerns, Defendants disciplined him by assigning him to the Maximum Security Unit. Plaintiff claims that Defendants intentionally placed him in dangerous surroundings in deliberate indifference to his health and safety. Defendants allegedly were further deliberately indifferent to Plaintiff's health and safety when they placed him in isolation, forced him to sleep on a concrete slab with no mattress, and housed him on the third tier, all exacerbating his prior back injury.

## II. Standard

Summary judgment[1] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[1] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendants attached evidence to their motion which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendants' motion thus negating any potential claim of unfair surprise, Defendants' motion will be construed as one for summary judgment. Id. 56.

judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

322 (1986).   The Court must view the evidence in the light most favorable to the

nonmoving party, giving him the benefit of all reasonable factual inferences.  <u>Reed v. ULS</u>

<u>Corp.</u>, 178 F.3d 988, 990 (8th Cir. 1999).   A moving party is nevertheless entitled to

summary judgment if the nonmoving party has failed to make a sufficient showing on an

essential element of his case with respect to which he will have the burden of proof at trial.

<u>Celotex</u>, 477 U.S. at 322-23.  To avoid summary judgment, the nonmovant must go beyond

the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise,

showing that a genuine, material issue for trial exists.  <u>Id.</u> at 324; Fed. R. Civ. P. 56(e).  A

nonmovant has an obligation to present affirmative evidence to support his claims.  <u>Settle</u>

<u>v. Ross</u>, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally

considered an affidavit for purposes of summary judgment.  <u>Burgess v. Moore</u>, 39 F.3d

216, 218 (8th Cir. 1994).  Moreover, pro se complaints must be liberally construed and held

"to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>,

404 U.S. 519, 520-21 (1972).

### III.  Analysis

Defendants contend that Plaintiff has failed to exhaust his administrative remedies

in connection with his surviving claim— that Defendants were deliberately indifferent to

Plaintiff's health and safety when they placed him in isolation, forcing him to sleep on a

concrete slab with no mattress and housing him on the third tier, each exacerbating his

prior back injury.  Administrative exhaustion is an affirmative defense that must be raised

by defendants.  <u>See</u> <u>Guerra v. Kempker</u>, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per

curiam) (citing <u>Nerness v. Johnson</u>, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)) (district

3

court erred in dismissing complaint sua sponte for failure to exhaust administrative remedies; failure to exhaust is an affirmative defense, and plaintiff need not plead that he has exhausted his remedies in order to avoid pre-service dismissal).

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit.   42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability).   Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels.   Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC.   See ADC Adm. Dir. 04-01 § IV(G)(5) (March 1, 2004).

Specifically, proper exhaustion pursuant to the ADC's grievance procedure requires: (1) completion of an informal resolution within fifteen (15) days of the incident being grieved; (2) completion of a formal grievance within three days of the inmate's attempt to resolve his concern via the filing of the informal resolution; and (3) each grievance must include a "clear statement" of the inmate's grievance, which "specific[ally]" identifies

4

"dates," "places," "personnel involved," how the inmate was affected, and a proposed resolution (see doc. 51, Exh. A).

According to Plaintiff's grievance history for 2006, he filed four grievances while housed at the East Arkansas Regional Unit (see doc. 51, Exh. B).  Defendants contend that none of the four grieve Plaintiff's claim that his assignment to administrative segregation, and conditions while housed there, exacerbated his back injury.  One grievance challenges his sentence, another raises concerns regarding his legal mail, and a third concerns his "prelock up" for a disciplinary.  Only one grievance (EA 06-00468) comes close to the facts alleged in the present matter (see doc. 51, Exh. C).  In this grievance, Plaintiff complained about his assignment to field utility duty in violation of his medical restrictions, an issue that this Court has previously addressed and dismissed.  In addition, Plaintiff filed no grievance in 2007 related to an exacerbation of his alleged back injury due to his assignment to administrative segregation (see doc. 51, Exh. D).

In response to Defendants' motion (doc. 55, 60), Plaintiff fails to identify a single grievance by date or to attach any proof whatsoever that he filed any grievance regarding the surviving claim in this case.  Plaintiff instead contends that procedural defects should be forgiven and his complaint be liberally construed ("Plaintiff provided enough information about the defendants conduct . . ."; "[T]he purpose as well as the language of § 1997e(a) are satisfied if prison authorities hear and address the merits of a grievance, the exhaustion requirement is satisfied regardless of procedural defects that may be cited in subsequent litigation"; "The prison had [an] opportunity to review Plaintiff's claim therefore Plaintiff's claim is exhausted").  While Plaintiff may have exhausted his administrative remedies in connection with his previously dismissed field utility assignment claim, he did

not exhaust his administrative segregation conditions claim.  The law on this issue is clear— Plaintiff's failure to properly exhaust mandates the dismissal of his remaining action.

### IV.  Conclusion

For the reasons set forth herein, IT IS, THEREFORE, ORDERED that:

1.      Defendants' motion to dismiss / motion for summary judgment (doc. 51) is GRANTED and Plaintiff's case is DISMISSED in its entirety WITHOUT PREJUDICE.

2.      Any pending motions are DENIED AS MOOT.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

IT IS SO ORDERED this 10th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE